IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Samantha Miller<br>1535 Red Lead Lane<br>Columbus, Ohio 43223<br><br>      Plaintiff,<br><br>v.<br><br>Sequel Pomegranate Health Systems, LLC<br>c/o Corporation Service Company<br>50 W. Broad St., Suite 1330<br>Columbus, Ohio 43215<br><br>-and-<br><br>Sequel Youth and Family Services<br>1131 Eagletree Lane<br>Huntsville, Alabama 35801<br><br>      Defendants. | Civil Action No. 2:17-cv-1035<br><br>JUDGE<br><br>MAGISTRATE JUDGE<br><br>**Jury Demand Endorsed Hereon** |

## COMPLAINT

NOW COMES Plaintiff Samantha Miller ("Plaintiff" or "Miller") for her complaint against Defendant Sequel Pomegranate Health Systems, LLC ("Defendant SPHS") and Defendant Sequel Youth and Family Services ("Defendant SYFS") (collectively Defendant SPHS and Defendant SYFS will be referred to as "Defendants"), hereby states as follows:

**I.  JURISDICTION AND VENUE**

1.  This action is brought seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03, and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"), and 28 U.S.C. §1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendants in the Southern District of Ohio and Defendants have done substantial business in the Southern District of Ohio.

## II. NATURE OF THIS ACTION

4. This lawsuit seeks to recover unpaid overtime compensation for Plaintiff during the course of her employment with Defendants.

5. Plaintiff began her employment as a receptionist in or around May 2016. At all times during her employment, Plaintiff performed non-exempt duties and was paid on an hourly basis.

6. As a receptionist, Plaintiff performed non-exempt duties including administrative tasks, greeting visitors, answering and transferring incoming calls, mailing bills, preparing outgoing mail, sorting incoming mail, and other tasks.

7. In addition to her regular receptionist responsibilities, Defendants assigned Plaintiff to teach dance and workout classes on the weekends beginning in October 2016 and continuing through May 2017.[1] During her employment, Plaintiff was not compensated for any time she spent teaching the dance and workout classes even though she repeatedly requested payment. Consequently, Plaintiff refused to continue providing classes for Defendants in or around late May 2017.

8. In or around January 2017, Plaintiff was offered and accepted the position of Scheduling Coordinator.

---

[1] Plaintiff was unable to teach classes from approximately February 2017 until March 2017.

2

9. As Scheduling Coordinator, Plaintiff was responsible for scheduling Defendants' staff.

10. In addition to working as Scheduling Coordinator, Plaintiff was also responsible for attending to the transportation needs of the adolescents in Defendants' care. Consequently, Plaintiff was on call at all times because she was responsible for receiving and making calls necessary to fulfill the transportation needs of the adolescents in Defendants' care.

11. Plaintiff regularly received and made calls regarding the transportation needs of adolescents in Defendants' care outside of regular business hours. Plaintiff was not provided with a work telephone to receive and make such calls, but instead used her personal cellphone. Plaintiff was not compensated for any time spent performing the transportation responsibilities outside of normal business hours.[2]

12. Defendants own and operate a treatment and acute care facility located at 765 Pierce Dr., Columbus, Ohio 43223 for adolescents with mental health, behavioral health, or other needs.

13. At all times relevant, Defendants employed Plaintiff to perform non-exempt duties.

14. At all times relevant, Defendants failed to compensate Plaintiff for the time she spent teaching dance and workout classes. In addition, Defendants failed to compensate Plaintiff for the time she spent coordinating transportation for adolescents in Defendants' care outside of normal business hours.

15. Plaintiff's primary duties do not fall under any of the exemptions under federal or state overtime laws.

---

[2] Upon information and belief, Defendants' drivers were compensated $1.25 per hour to remain available for their on-call hours, as well as their regular hourly rate if they were needed for transportation.

16. Defendants regularly required Plaintiff to work in excess of forty (40) hours per week. However, Defendants failed to pay Plaintiff for the time she spent teaching dance and workout classes and the time she spent coordinating transportation for adolescents in Defendants' care outside of normal business hours.

17. By the conduct described in this Complaint, Defendants have violated the FLSA by failing to pay Plaintiff overtime wages she earned and to which she is entitled by law.

### III. PARTIES

18. Plaintiff is an individual, a United States Citizen, and a resident of the State of Ohio.

19. At all times relevant herein, Plaintiff was an employee of Defendants as defined in the FLSA, the Ohio Acts, and Ohio Constitution Art. 2 §34a.

20. At all times relevant herein, Plaintiff was a covered, non-exempt employee of Defendants who, pursuant to Section 7 of the FLSA, was required to receive not less than one and one-half times her regular rate of pay for hours worked in excess of forty (40) hours.

21. At all times relevant herein, Plaintiff was entitled to receive not less than one and one-half times her regular rate of pay for hours worked in excess of forty (40) hours.

22. Defendant SPHS is a limited liability company registered to do business in the State of Ohio with its principal place of business in the Southern District of Ohio.

23. Defendant SYFS is a foreign for-profit company with its principal place of business in Alabama.

24. Defendants are and have been, jointly and individually, "employers" as that term is defined by the FLSA, the Ohio Acts, and Ohio Constitution Art. 2 §34a.

25. During relevant times, Defendants have mutually benefitted from the work performed by Plaintiff.

26. During relevant times, Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiff.

27. During relevant times, Defendants shared the services of Plaintiff.

28. During relevant times, Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff.

29. Defendants are actively doing business in this judicial district and are jointly an "employer" as that term is defined by the FLSA and the Ohio Acts.

30. During relevant times, Defendants maintained control, oversight, and direction over Plaintiff and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages, including overtime compensation.

31. During relevant times, Defendants benefitted from the work performed by Plaintiff.

32. Upon information and belief, Defendants operate and control an enterprise and employ employees engaged in commerce or in the production of goods for commerce, or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendants have had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

33. During relevant times, Defendants have been involved in the employment decisions of Plaintiff, including, but not limited to, decisions about Defendants' wage and hour policies and practices that affect Plaintiff.

34. During relevant times, Defendants suffered and permitted Plaintiff to work more than forty (40) hours per workweek, while not compensating her for all such hours worked over forty (40) at a rate of at least one and one-half times her regular rate of pay.

35. Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio, as well as recordkeeping laws of the State of Ohio.

36. During relevant times, Defendants had knowledge of and acted willfully in regard to their conduct described herein.

37. Defendants are in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages or Defendants failed to maintain such records despite their obligations under Ohio law.

## IV.   FACTUAL BACKGROUND

38. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff. This policy and pattern or practice includes, but is not limited to Defendants failure to compensate Plaintiff for the time she spent teaching dance and workout classes and their failure to compensate Plaintiff for the time she spent coordinating transportation for adolescents in Defendants' care outside of normal business hours.

39. Throughout her employment with Defendants, Plaintiff regularly worked more than 40 hours per week.

40.   Defendants were aware that Plaintiff worked more than 40 hours per workweek, yet Defendants failed to pay her overtime compensation for certain hours worked over 40 in a workweek.

41.   Plaintiff's primary duty was not management.

42.   Plaintiff's primary duties were non-exempt duties, as described in this Complaint.

43.   Plaintiff did not have the discretion or authority to make any decisions with respect to matters of significance and were required to follow the policies, practices, and procedures set by Defendants.

44.   Defendants paid Plaintiff on an hourly basis and not on a salary basis.

45.   At all times during her employment, Defendants classified Plaintiff as non-exempt.

46.   Plaintiff was not exempt from receiving FLSA overtime benefits because, *inter alia*, she was not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA.  See 29 C.F.R. §§ 541.0, et seq.

47.   Plaintiff was not exempt from receiving FLSA overtime benefits because, *inter alia*, she was not a "learned professional", as that term is defined under the FLSA.  See 29 CFR § 541.301.

**V.   CAUSES OF ACTION**

### FIRST CAUSE OF ACTION
### FLSA –UNPAID OVERTIME

48.   All of the preceding paragraphs are realleged as if fully rewritten herein.

49.   Defendants engaged in a pattern and practice of violating the FLSA, as described in this Complaint.

50.   At all relevant times, Plaintiff was engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

51. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendants.

52. Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

53. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

54. At all relevant times, the job duties of Plaintiff primarily consisted of non-exempt duties.

55. Defendants failed to pay Plaintiff certain overtime wages to which she is entitled under the FLSA because Defendants failed to compensate Plaintiff for the time she spent teaching dance and workout classes and further failed to compensate Plaintiff for the time she spent coordinating transportation for adolescents in Defendants' care outside of normal business hours.

56. Plaintiff regularly worked in excess of forty (40) hours per week.

57. Plaintiff should have been paid the overtime premium for hours worked in excess of forty (40) hours per week, but she was not compensated for all hours spent working.

58. Defendants' violations of the FLSA, as described in this Complaint, have been willful and intentional. Defendants have failed to make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

59. As a result of Defendants' willful violations of the FLSA, Plaintiff has suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq.*

60. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and is entitled to

recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## R.C. 4111.03 – UNPAID OVERTIME

61. All of the preceding paragraphs are realleged as if fully rewritten herein

62. This claim is brought under Ohio Law.

63. The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek. See O.R.C. §§ 4111 et seq., See also, 29 U.S.C §206(b)

64. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938. See O.R. C. § 4111.03 (A), See also, 29 U.S.C. § 207 (a)(1)

65. Plaintiff was a covered employee entitled to the Ohio Wage Act's protections

66. Plaintiff was not exempt from receiving Ohio Wage Act overtime benefits because Plaintiff was not exempt "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA. See O.R.C. 4111.03(A), See also 29 C.F.R. §§ 541.0, et seq.

67. Plaintiff was not exempt from receiving FLSA overtime benefits because, *inter alia*, Plaintiff was not a "learned professional" employee, as that term is defined under the FLSA. *See* 29 CFR §541.301.

68. Defendants are covered employers required to comply with the Ohio Wage Act's mandates.

69. Defendants violated the Ohio Wage Act with respect to Plaintiff by failing to compensate her at the rate of one and one-half times her regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

70. In violating the Ohio Wage Act, Defendants acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

71. For Defendants' violations of the Ohio Wage Act, Plaintiff has suffered damages. Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

### THIRD CAUSE OF ACTION
### R.C. 4113.15 —OPPA VIOLATION

72. All of the preceding paragraphs are realleged as if fully rewritten herein.

73. During relevant times, Defendants were covered by the OPPA and Plaintiff was employed by Defendants within the meaning of the OPPA.

74. The OPPA requires Defendants to pay Plaintiff all wages, including unpaid overtime, on or before the first day of each month, for wages earned by her during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by her during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

75. During relevant times, Plaintiff was not paid all wages, including overtime wages at one and one-half times her regular rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

76. Plaintiff's unpaid wages remain unpaid for more than thirty (30) days beyond the regularly scheduled payday.

77. In violating the OPPA, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law, and their actions entitle Plaintiff to liquidated damages in the amount of six percent of the amount of the unpaid overtime compensation owed or two hundred dollars, whichever is greater.

### FOURTH CAUSE OF ACTION
### RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT

78. All of the preceding paragraphs are realleged as if fully rewritten herein.

79. The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08. *See also*, 29 C.F.R. §§ 516.2 *et seq.*

80. During all times material to this complaint, Defendants were covered employers, and were required to comply with the Ohio Wage Act's mandates.

81. Plaintiff was a covered employee entitled to the protection of the Ohio Wage Act.

82. During times material to this complaint, Defendants violated the Ohio Wage Act with respect to Plaintiff by failing to properly maintain accurate records of all hours Plaintiff worked each workday and within each workweek.

83. In violating the Ohio Wage Act, Defendants acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

**VI. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against the Defendants for an Order:

A. Finding that Defendants have failed to keep accurate records in accordance with the FLSA and Ohio law, Plaintiff is entitled to prove her hours worked with reasonable estimates;

B. Awarding Plaintiff unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

C. Awarding Plaintiff unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the Ohio Acts;

D. Awarding Plaintiff costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

E. Awarding Plaintiff such other and further relief as the Court deems just and proper;

F. Issuing an injunction prohibiting Defendants from engaging in present, ongoing and future violations of the FLSA and the Ohio Acts;

G. Granting Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

H. Rendering a judgment against Defendants for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
**COFFMAN LEGAL, LLC**
1457 S. High St.
Columbus, Ohio 43207
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman
