UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SAMANTHA MILLER, | ) | Case No. 2:17-cv-001035 |
| | ) | |
| Plaintiff, | ) | JUDGE ALGENON L. MARBLEY |
| | ) | |
| v. | ) | MAGISTRATE JUDGE KIMBERLY A. |
| | ) | JOLSON |
| SEQUEL POMEGRANATE HEALTH | ) | |
| SYSTEMS, LLC, ET AL., | ) | **STIPULATED PROPOSED** |
| | ) | **PROTECTIVE ORDER** |
| Defendants. | ) | |

The parties to this Stipulated Protective Order have agreed to the terms of this Order;

accordingly, it is ORDERED:

**1.     Scope.** All documents produced in the course of discovery, including initial

disclosures, all responses to discovery requests, all deposition testimony and exhibits, other

materials that may be subject to restrictions on disclosure for good cause and information derived

directly therefrom (hereinafter collectively "documents"), shall be subject to this Order

concerning confidential information as set forth below. As there is a presumption in favor of

open and public judicial proceedings in the federal courts, this Order shall be strictly construed in

favor of public disclosure and open proceedings wherever possible. The Order is also subject to

this Court's Local Rules and the Federal Rules of Civil Procedure on matters of procedure and

calculation of time periods.

**2.     Form and Timing of Designation.** A party may designate documents as

confidential and restricted in disclosure under this Order by placing or affixing the words

"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document in a manner that

will not interfere with the legibility of the document and that will permit complete removal of the

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation. Documents shall be

designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER prior to or at the time of

the production or disclosure of the documents. The designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3.      **Documents That May be Designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.** Any party may designate documents as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.

4.      **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. Thereafter, the deposition transcripts and any those portions so designated shall be protected as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, pending objection, under the terms of this Order.

5.      **Protection of Confidential Material.**

a.      **General Protections.** Documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 5(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

b.      **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any  CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (i)-(v). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER:

i.      **Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

ii.      **Parties.** Parties and employees of a party to this Order, including in-house counsel and party representatives whose assistance is reasonably necessary to the conduct of the litigation and who agree to be bound by the terms of the order;

iii.      **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions, trial and transcription of recordings;

iv.      **Consultants, Investigators and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

v.      **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be

agreed or ordered. All such persons shall execute the certification contained in

Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

c.   **Control of Documents.** Counsel for the parties shall take reasonable and

appropriate measures to prevent unauthorized disclosure of documents designated as

CONFIDENTIAL pursuant to the terms of this Order. Counsel shall maintain the

originals of the forms signed by persons acknowledging their obligations under this Order

for a period of one year after dismissal of the action, the entry of final judgment and/or

the conclusion of any appeals arising therefrom.

d.   **Copies.** Prior to production to another party, all copies, electronic images,

duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as

"copies") of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE

ORDER under this Order, or any individual portion of such a document, shall be affixed

with the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" if the

word does not already appear on the copy. All such copies shall thereafter be entitled to

the protection of this Order. The term "copies" shall not include indices, electronic

databases or lists of documents provided these indices, electronic databases or lists do not

contain substantial portions or images of the text of confidential documents or otherwise

disclose the substance of the confidential information contained in those documents.

e.   **Inadvertent Production.** Inadvertent production of any document or

information without a designation of "CONFIDENTIAL - SUBJECT TO PROTECTIVE

ORDER" shall be governed by Fed. R. Evid. 502.

**6.     Filing of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

**Documents Under Seal.**  To the extent that a brief, memorandum, pleading or other document

filed with the Court references any document marked as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, the document shall be filed under seal only for good cause shown. Unless otherwise agreed in writing by counsel for the parties, in the event a party wishes to file with the Court for any purpose any of the discovery provided pursuant to this Protective Order, and/or the data and information contained therein, and if time permits, the parties, through counsel, will discuss the confidential information and documents they intend to file in order to determine if a compromise can be reached in whole or in part to allow for filing not under seal. If the matter is not resolved as set forth above, the party intending to file any protected confidential document or information shall first file a motion seeking the Court's permission to file the document or information under seal. This Protective Order does not authorize filing protected materials under seal. According to the authority of *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996), no document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. Unless the Court orders otherwise, all sealed documents shall be filed according to Local Rule 5.2.1.

7.  **Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or nonparty with standing to object (hereafter "party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

**8.** **Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER shall be by motion pursuant to this Court's Local Rules, the Federal Rules of Civil Procedure, and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

**9.** **Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**10.** **Obligations on Conclusion of Litigation.**

a. **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

b. **Return of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents.** Within thirty days after dismissal or entry of final judgment not subject to

further appeal, all documents treated as CONFIDENTIAL - SUBJECT TO

PROTECTIVE ORDER under this Order, including copies as defined in ¶ 5(d), shall be

returned to the producing party unless: (1) the document has been offered into evidence

or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of

return; or (3) as to documents bearing the notations, summations, or other mental

impressions of the receiving party, that party elects to destroy the documents and certifies

to the producing party that it has done so. Notwithstanding the above requirements to

return or destroy documents, counsel may retain attorney work product, including an

index which refers or relates to information designated CONFIDENTIAL – SUBJECT

TO PROTECTIVE ORDER, so long as that work product does not duplicate verbatim

substantial portions of the text or images of confidential documents. This work product

shall continue to be CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under

this Order. An attorney may use his or her work product in a subsequent litigation

provided that its use does not disclose or use CONFIDENTIAL - SUBJECT TO

PROTECTIVE ORDER documents.

       c.     **Return of Documents Filed under Seal.**  After dismissal or entry of final

judgment not subject to further appeal, the Clerk may elect to return to counsel for the

parties or, after notice, destroy documents filed or offered at trial under seal or otherwise

restricted by the Court as to disclosure.

**11.**    **Order Subject to Modification.** This Order shall be subject to modification by

the Court on its own motion or on motion of a party or any other person with standing

concerning the subject matter. Motions to modify this Order shall be served and filed in

accordance with this Court's Local Rules and the Federal Rules of Civil Procedure.

**12.** **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**13.** **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

IT IS SO ORDERED.


Date: April 2, 2018                        /s/ Kimberly A. Jolson
                                           KIMBERLY A. JOLSON
                                           UNITED STATES MAGISTRATE JUDGE


**WE SO MOVE/STIPULATE and agree to abide by the terms of this Order.**


Respectfully submitted,

| /s/ Matthew J.P. Coffman | /s/ Rebecca J. Bennett |
|---|---|
| Matthew J.P. Coffman (0085586) | Rebecca J. Bennett (0069566) |
| Coffman Legal, LLC | Russell T. Rendall (0089901) |
| 1457 S. High Street | Ogletree, Deakins, Nash, Smoak & Stewart, P.C. |
| Columbus, Ohio 43207 | 127 Public Square |
| 614.949.1181 | 4100 Key Tower |
| 614.386.9964 (FAX) | Cleveland, OH  44114 |
| mcoffman@mcoffmanlegal.com | 216.241.6100 |
| | 216.357.4733 (FAX) |
| *Attorney for Plaintiff* | rebecca.bennett@ogletree.com |
| | russell.rendall@ogletree.com |
| | *Attorney for Defendants* |

**ATTACHMENT A**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

The undersigned hereby acknowledges that he/she has read the Protective Order ("Order") in *Samantha Miller v. Sequel Pomegranate Health Systems, LLC, et al.*, United States District Court, Southern District of Ohio, Eastern Division, Case No. 2:17-cv-001035, and understands its terms, agrees to be bound by each of those terms, and agrees to subject himself/herself personally to the jurisdiction of the United States District Court, Southern District of Ohio, Eastern Division for the purpose of enforcing its terms. Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any Confidential Information made available to him/her other than in accordance with the Order.

Dated: _____, _____

By: _____

(Signature of individual)

_____

(Type or print name of individual)

Of: _____

Name of Employer