## JOINT STIPULATION
## OF SETTLEMENT AND RELEASE

Subject to approval by the United States District Court for the Southern District of Ohio, Eastern Division, Plaintiff Samantha Miller and Defendants Sequel Pomegranate Health Systems, LLC and Sequel Youth and Family Services agree to the terms of this Joint Stipulation of Settlement and Release.

### DEFINITIONS

1.      "Action" shall mean the civil action in the United States District Court for the Southern District of Ohio, Eastern Division entitled *Samantha Miller v. Sequel Pomegranate Health Systems, LLC, et al.*, Case No. 2:17-cv-1035.

2.      "Plaintiff's Counsel" shall mean Matthew J.P. Coffman, Coffman Legal, LLC, 1457 S. High Street, Columbus, Ohio 43207.

3.      "Defendants" shall mean Sequel Pomegranate Health Systems, LLC and Sequel Youth and Family Services, and all of their former, current and respective officers, directors, agents, attorneys, parents, predecessors, successors, subsidiaries, and related and affiliated entities.

4.      "Parties" shall mean the Plaintiff and Defendants, and "Party" shall mean any one of the Parties.

5.      "Final" shall mean the date the Court has approved the Settlement.

6.      "Settlement" shall mean this Joint Stipulation of Settlement and Release.

### RECITALS

7.      On November 28, 2017, Plaintiff commenced the Action with respect to the claims she asserted.

8.      In the Action, Plaintiff alleged that Defendants failed to pay her for hours worked under the Fair Labor Standards Act ("FLSA") and Ohio law.

9.      Defendants deny any liability or wrongdoing of any kind.   The Parties agree that a bona fide dispute exists regarding Plaintiff's claims, including how many hours Plaintiff worked or whether Plaintiff worked overtime hours for which she was not paid.

10.      On September 26, 2018, the Parties, by and through their respective counsel reached a binding agreement to settle the Action on the terms set forth in this Settlement.

11.      Plaintiff's Counsel represents that he has conducted a thorough investigation into the facts of this Action, and has diligently pursued an investigation of Plaintiff's claims against Defendants, including reviewing relevant documents, and researching the applicable law and the

1

potential defenses.  Based on his own independent investigation and evaluation, Plaintiff's Counsel is of the opinion that the Settlement is fair, adequate, and reasonable and is in the best interest of Plaintiff in light of all known facts and circumstances, including the risk of significant delay and Defendants' defenses.  Without admitting any wrongdoing or liability, Defendants agree that the Settlement is fair, adequate and reasonable.

12.　　This Settlement represents a compromise of disputed claims.  Nothing in this Settlement is intended or will be construed as an admission by Defendants that Plaintiff's claims in the Action have merit or that Defendants have any liability to Plaintiff on those claims.  Rather, Defendants expressly deny any liability or alleged violation of federal or state law and state that payment has been made solely for the purpose of compromising any and all potential claims.

## TERMS OF SETTLEMENT

13.　　**Total Settlement Payment:** The Total Settlement Payment is the gross amount of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ including: (a) all Settlement payments to Plaintiff; and (b) Plaintiff's Counsel's attorneys' fees and expenses.

14.　　**Payments to Plaintiff:**

　　a.　▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ of the Total Settlement Payment will be paid to Plaintiff, less applicable taxes and withholdings.   The settlement payment to Plaintiff will be treated as alleged wage loss and unpaid overtime and shall be subject to the withholding of all applicable federal, state and local taxes. The settlement payment will be reported on an IRS Form W-2.

　　b.　▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ of the Total Settlement Payment will be paid to Plaintiff, without any taxes or withholdings. The settlement payment to Plaintiff will be treated as alleged liquidated damages. The settlement payment will be reported on an IRS Form 1099.

　　c.　▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ of the Total Settlement Payment for attorneys' fees and for costs incurred will be paid by a single check payable to Plaintiff's Counsel. The payment will be reported on 1099s issued to Plaintiff and Plaintiff's counsel with respect to the attorneys' fees and expenses.

　　d.　Plaintiff acknowledges and agrees that the referenced payments are accepted in full satisfaction for all alleged overtime pay, liquidated damages, and attorneys' fees and costs.

15.　　**Distribution Process:** Defendants will deliver the settlement payments directly to Plaintiff's Counsel within 14 days after the Court's entry of an Order granting approval of the settlement and dismissal of the action with prejudice, provided that the parties have fully executed the Agreement, whichever is later.

16.     **No Future Employment**: Plaintiff acknowledges and agrees that she is not eligible for employment or re-employment with Defendants.  Plaintiff agrees that she shall not in the future either seek or accept employment with Defendants.  If she should do so in violation of this provision, Plaintiff acknowledges that this Agreement and her promise not to seek or accept such employment shall constitute good, just and proper cause to refuse her employment, or if hired, to terminate her employment.

17.     **Dismissal With Prejudice of the Action:** Upon entry of the Court's final approval order, the Action shall be dismissed with prejudice, and final judgment shall be entered, each party to bear its own costs except as provided herein.

## RELEASE OF CLAIMS

18.     **Released Claims:** Plaintiff releases Defendants from any and all federal and state wage-and-hour claims, rights, demands, liabilities and causes of action of every nature and description, including but not limited to unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees and expenses, whether known or unknown, for the Released Period.

19.     **Released Period:** The Released Period shall mean the period of three years prior to the date the action was filed through and including the date on which the Court gives approval of the settlement.

20.     **Release of All other Claims:** Plaintiff, on behalf of herself, her heirs, administrators, spouses if any, executors, estates, representatives and assigns, hereby releases Defendants, including without limitation, their predecessors and successors, assigns, subsidiaries, current and former officers, directors, trustees, employees, agents, insurers, employee benefit plans (the "Released Parties"),  from any and all claims, causes of action, grievances, arbitrations, suits, proceedings and/or causes of action of any kind and every description, which Plaintiff now has, has had or may have, whether known or unknown, suspected or unsuspected, through the date of execution of this Agreement, including any and all claims under state or federal law governing the terms and conditions of employment and the termination thereof, including retaliation for bringing any of the Released Claims.  This release shall be construed broadly to encompass any claim which could have been brought in this action, or any counterclaim which could have been asserted in this action, whether compulsory or otherwise.  By way of example only and without limiting the general release of claims, Plaintiff agrees that she is releasing any claims of retaliation, harassment, discrimination, breach of contract, promissory estoppel, public policy, defamation, fraud, infliction of emotional distress, wrongful termination arising under any federal, state or local statute or common law, including but not limited to:  Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Family and Medical Leave Act, and the Genetic Information Nondiscrimination Act, all as amended.  While Plaintiff is waiving her right to participate in administrative proceedings with governmental agencies, such as the EEOC, she is waiving any and all individual or group relief and any monetary or other remedy based on the charge that is the subject of the administrative proceeding.  Nothing is this Agreement is intended to or shall prevent,

3

impede or interfere with Plaintiff providing truthful testimony and information in the course of an investigation or proceeding authorized by a government agency.

21.    **Release of Attorneys' Fees and Expenses:** The payment of attorneys' fees and expenses to Plaintiff's Counsel includes all of the attorneys' fees and expenses incurred to date and to be incurred in documenting the Settlement, securing Court approval of the Settlement, and obtaining a dismissal of the Action.  In consideration for these attorneys' fees and expenses, Plaintiff's Counsel waives any and all claims to any further attorneys' fees and expenses in connection with the Action.

22.    **Other Representations**.

    a.  This Settlement does not include, and Plaintiff does not waive, any rights or claims: (1) which may arise after she signs this Agreement; (2) for alleged workplace injuries or occupational disease that arise under any state's workers' compensation laws; (3) which cannot be released by law; (4) to enforce this Agreement; or (5) for benefits in which Plaintiff has a vested right under any pension plans.

    b.  Plaintiff understands that nothing contained in this Settlement limits Plaintiff's ability to file a charge or complaint with the Equal Employment Opportunity Commission, the National Labor Relations Board, the Occupational Safety and Health Administration, the Securities and Exchange Commission or any other federal, state or local governmental agency or commission ("Government Agencies"). Plaintiff further understands that this Settlement does not limit Plaintiff's ability to communicate with any Government Agencies or otherwise participate in any investigation or proceeding that may be conducted by any Government Agency, including providing documents or other information, without notice to Defendant. This Settlement does not limit Plaintiff's right to receive an award for information provided to any Government Agencies. On the other hand, Plaintiff waives and releases any right to any claims for money damages and equitable relief pursuant to the filing or prosecution of any administrative charge against Defendants or any resulting civil proceeding or lawsuit that may be commenced on Plaintiff's behalf for the recovery of such relief, and which arises out of the matters that are and may be released in this Settlement.

    c.  Plaintiff understands that she will not be held criminally or civilly liable under any federal or state trade secret law for the disclosure of a trade secret that: (1) is made (a) in confidence to a federal, state, or local government official, either directly or indirectly, or to an attorney, and (b) solely for the purpose of reporting or investigating a suspected violation of law; or (2) is made in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal. Plaintiff also understands that disclosure of trade secrets to attorneys, made under seal, or pursuant to court order is also protected in certain circumstances under 18 U.S. Code §1833.

23. **Medicare Acknowledgments and Representations.**

    a. Plaintiff declares and expressly warrants that she is not Medicare eligible, that she is not a Medicare beneficiary, and that she is not within 30 months of becoming Medicare eligible; she is not 65 years of age or older; she is not suffering from end stage renal failure or amyotrophic lateral sclerosis; she has not received Social Security benefits for 24 months or longer; and/or she has not applied for Social Security benefits, and/or has not been denied Social Security disability benefits and is not appealing any denial of Social Security disability benefits.

    b. Because Plaintiff is not a Medicare recipient as of the date of this release, Plaintiff is aware of no medical expenses that Medicare paid and for which the Released Parties are or could be liable now or in the future.  Plaintiff agrees and affirms that, to the best of her knowledge, no liens of any governmental entities, including those for Medicare conditional payments, exist.

24. **Entry of Final Judgment.**  The entry of final judgment in the Action shall release all claims set forth in this entire Agreement.

### DUTIES OF THE PARTIES AND COUNSEL

25. **Cooperation:** The Parties agree to cooperate and take all steps necessary and appropriate to obtain final approval of this Settlement, to effectuate its terms, and to dismiss the Action with prejudice.

26. **Fair, Adequate and Reasonable Settlement:** The Parties agree that the Settlement is fair, adequate and reasonable and will so represent to the Court.

27. **Joint Motion for Approval of Settlement:** Within five calendar days of execution of the Settlement, Counsel for Defendants will file a joint motion for the entry of an order approving the Settlement in the form attached as Exhibit A.

### PARTIES' AUTHORITY

28. The respective signatories to the Settlement represent that they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

### NO PRIOR ASSIGNMENTS

29. The Parties and Plaintiff's Counsel represent, covenant and warrant that they have not directly or indirectly, assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Settlement.

## NO ADMISSION

30.     Nothing contained in this Settlement shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendant, and Defendant denies any such liability.  Each Party has entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

## CONSTRUCTION

31.     The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party participated in the drafting of this Settlement.

## MODIFICATION

32.     This Settlement may not be changed, altered or modified, except in writing and signed by the Parties, and approved by the Court.  This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

## DISPARAGEMENT PROHIBITED

33.     Plaintiff agrees that she will not make or cause to be made any statements that disparage or damage the reputation of Defendants. In the event such a communication is made to anyone, including but not limited to the media, public interest groups, publishing companies, and/or through internet posting, blogs or other electronic communication, it will be considered a material breach of the terms of this Settlement. Plaintiff also agrees that she will not encourage or incite other current or former employees of Defendants to disparage or assert any complaint, claim or charge, or to initiate any legal proceeding, against Defendants.  The parties' acknowledge that the inclusion of this provision was a substantial inducement for Defendants to enter this Agreement.  The parties therefore acknowledge that any breach by Plaintiff shall constitute a material breach of this Agreement as to which Defendants may seek all relief available under the law, including but not limited to $5,000.00 as liquidated damages for a violation of this provision.

## INTEGRATION CLAUSE

34.     This Settlement contains the entire agreement between the Parties, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a Party or such Party's legal counsel, relating to the resolution of the Action, are merged in this Settlement.  No rights under this Settlement may be waived except in writing signed by the Parties.

## BINDING ON ASSIGNS

35.     This Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## CONFIDENTIALITY AND NON-SOLICITATION

36.     Except as required to obtain Court approval, the Parties agree that they shall keep confidential the terms of this Agreement, and that they shall not disclose any matters herein, including, but not limited to, the content of any and all settlement negotiations leading up to this Agreement or the terms hereof.  Pursuant to the terms of this paragraph, the Parties hereto may disclose the information contained in this Agreement to their professional tax advisors, spouse, and to their private attorneys, if any, who will agree to be bound by this confidentiality agreement. Additionally, either Party may disclose the terms of this Agreement if compelled to do so by lawful legal process.  The parties acknowledge and agree that none of the terms of this Agreement may be used in any other proceedings as evidence or in any other manner, except in an action to enforce the terms of this Agreement.  However, in the event a Party is served with legal process seeking to compel the disclosure that this Agreement exists, the Party agrees immediately to advise the other Party of that fact prior to disclosing the existence of this Agreement.  Furthermore, Plaintiff agrees that she will not directly or indirectly contact or solicit any current or former employee of Defendants with the intent of encouraging that individual to pursue claims against Defendants.

## COUNTERPARTS

37.     This Settlement may be executed in counterparts, and may be signed electronically via pdf.  When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties.  Electronic and facsimile transmissions of this Agreement shall be deemed originals.

## BREACH

38.     If either Party breaches any of the terms and conditions of this Settlement, the non-breaching Party shall be entitled to reasonable attorneys' fees and expenses incurred to enforce the terms and conditions contained herein.  Without limiting the remedies available to the Parties, the Parties acknowledge that a breach of any of the covenants contained in the Agreement may result in irreparable injury to the non-breaching party for which there is no adequate remedy at law, that monetary relief will be inadequate, and that, in the event of such a breach or threat thereof, the non-breaching party shall be entitled to obtain, in addition to any other relief that may be available a temporary restraining order and/or a preliminary or permanent injunction, restraining the breaching party from engaging in activities prohibited by any of the covenants contained herein, as well as such other relief as may be required specifically to enforce any of the covenants contained herein, without the payment of any bond.  Should Ms. Miller commit a material breach of Paragraph 33 or Paragraph 36, she agrees to pay Company, as liquidated damages and not a penalty, $5,000.00 for each violation.   The breach of this paragraph shall not affect the continuing validity or enforceability of this Agreement.  To further deter breaches of this Agreement, and to deter specious claims of breach, the Parties agree that any party successfully defending or asserting any claim of breach of this Agreement shall be entitled to recover reasonable attorneys' fees expended in defending or prosecuting any claim hereunder.

7

## JURISDICTION

39.   The parties will request that the Court retain jurisdiction to enforce the terms of the Settlement.

## EXECUTION BY PARTIES AND THEIR COUNSEL

Dated: 10-23 , 2018          SAMANTHA MILLER

Dated: 11/5 , 2018          SEQUEL POMEGRANATE HEALTH SYSTEMS, LLC

By:
Its: CEO

Dated: 11/5 , 2018          SEQUEL YOUTH AND FAMILY SERVICES

By:
Its: CEO Sequel Pomegranate Health Systems

Dated: 10/24 , 2018          MATTHEW J.P. COFFMAN
COFFMAN LEGAL, LLC

Attorney for Plaintiff

Dated: 11/6 , 2018          REBECCA J. BENNETT
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

Rebecca J. Bennett /RJR
Attorney for Defendant

8